24 C.C.P.A.(Patents)
UNITED BATTERY MFG. CO., Limited, v.
UNITED METAL BOX CO., Inc.
Patent Appeal No. 3804.

Court of Customs and Patent Appeals.
June 7, 1937.

GARRETT, Associate Judge, dissenting.

Marie K. Saunders, of Washington, D. C. (Edmund A. Strause, of Los Angeles, Cal., of counsel), for appellant.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

There is here brought to us for review the decision of the Commissioner of Patents, speaking through the Assistant Commissioner of Patents, reversing the decision of the Examiner of Trade-Mark Interferences, in a trade-mark opposition proceeding.

On May 29, 1933, appellant filed application for the registration of a composite trade-mark for storage batteries, alleging its use for such since 1930. The mark is fairly described in the brief on behalf of appellant as follows: "The trade-mark of the applicant, appellant here, includes a circular disk having a wavy outline; within the periphery of the disk are the words 'United Battery Mfg. Co. Ltd.' (the corporate name of the applicant) while the central portion of the disk is ornamented with a shield and the representation of a spread eagle surmounting the words 'United Battery.'"

To the foregoing it may be added that certain other words of a descriptive nature appearing within the central portion of the disk, together with the word "battery" on the shield, are disclaimed "apart from the mark as shown."

The proposed mark having been passed to publication, appellee, United Metal Box Company, Inc., filed notice of opposition. The notice is in conventional form and need not be analyzed in detail. It alleged that long prior to the adoption by appellant of its mark, appellee had used a mark embodying the word "United" as a trademark on a variety of articles such as electric switches, electric meter panel installations, fuse plug receptacles, electric outlet boxes, meter box wall mounting and wire conduits, apartment mail boxes, medicine cabinets, clothes hampers, clothes dryers, waste receptacles, disposal devices, and metal furniture. Opposer specifically pleaded its registration of "United" for "switch boxes, motor inclosures, and safety switches." This registration dated June 6, 1922, shows the word "United" embraced within an oblong geometric figure, having six sides. Specimens of the mark as actually used show the word "Products" imposed upon the word "United," and surrounding the whole are the words "United Metal Box Co., Inc. Brooklyn, New York."

The answer of appellant to the notice of opposition denied numerous averments of the notice, and specifically contended that the marks are different in design and appearance, and that the goods of the respective parties are not of the same descriptive properties within the meaning of the trade-mark statutes, although conceding both to be classified in the Patent Office in class 21, electrical apparatus, machines, and supplies.

The Examiner of Interferences dismissed the notice of opposition and adjudged appellant entitled to the registration sought. In so doing he considered and pointed out the differences in both the marks and the goods. The Commissioner, while saying that there are many differences in the marks viewed in their entireties, took the view that "United" is the feature of each

"which would most likely be retained in the mind of the purchaser"; that "the goods of both parties would naturally be known by that word"; and, citing different decisions of this court, such as Cheek-Neal Coffee Company v. Hal Dick Manufacturing Company, 40 F.(2d) 106, 17 C.C.P. A. (Patents) 1103, concluded that the goods belong to the same general class and hence fall within the meaning of "same descriptive properties" in the sense of the trade-mark registration act (section 5, as amended [15 U.S.C.A. § 85]). Hence he reversed the decision of the Examiner of Interferences and sustained the opposition.

As we view the case, the fundamental question is that of the descriptive properties of the goods of the respective parties. Evidence was introduced on behalf of the opposer relating to the nature of the products upon which its mark is applied. It seems obvious that no consideration need be given to any of opposer's products except those having an electric feature. The evidence introduced as to these shows that opposer manufactures metal boxes in which the electrical apparatuses are inclosed, or to which such apparatuses are attached. Primarily opposer's business is that of manufacturing the boxes and the mark is applied only to the boxes. It is testified that in the case of the electric switches, opposer makes the boxes and sometimes the electrical devices which are attached within them, but at times it procures the electrical devices elsewhere, made to its "special design" and for its "individual use."

There was introduced as Exhibit 5 a sample of opposer's "safety switch." Of this the Examiner of Interferences said: "The safety switch shown in Exhibit No. 5 illustrates a form of knife switch such as is commonly used in electrical circuits and there possesses general utility. In other words, it is not essential thereto nor does it constitute a necessary part of a storage battery."

It was then pointed out by the Examiner of Interferences that: "The remaining goods sold by the opposer are in the nature of hardware of the type commonly purchased by contractors for use in apartment buildings."

From the answer of applicant-appellant and its brief, it appears to be its position that owing to the differences in the marks and the differences in the goods there was no likelihood of confusion or mistake in the mind of the public, that the goods were not of the same descriptive properties, and that notwithstanding the fact that storage batteries and the electrical goods upon which the opposer alleges its trade-mark use are classified under the same class in the United States Patent Office, they are not for that reason of the same descriptive properties. It stresses the contention that it cannot be concluded that all electrical goods belong to the same class. The Examiner of Interferences, evidently being of the same opinion, called attention to the fact that an electrical knife switch is not necessarily a part of a storage battery, and relied upon Williams Oil-O-Matic Heating Corporation v. Westinghouse Electric & Mfg. Co., 62 F. (2d) 378, 20 C.C.P.A. (Patents) 775.

We are in agreement with the conclusion reached by the commissioner. Of course all electrical goods or devices do not belong to the same class, but an electrical switch, an electrical switch box, and possibly a number of other electrical articles manufactured and sold by the opposer under its mark are closely associated in the mind of the public with the source of electricity which is often a storage battery, for use on which the applicant seeks to register its mark. In most instances, electricity from storage batteries, which are in use, is controlled by electrical switches, and in its control and use switch boxes and many other well-known appurtenant articles are used. The nature of the articles and the close association of their use bring them into the same class. It is a matter of common knowledge that they are used together, and are handled by the same dealers. These facts suggest the probability of confusion to purchasers if identical or similar trade-marks are used.

While appellant has called attention to the differences in the marks, we, like the tribunals below, are not impressed with the contention that the differences are such as to eliminate the probability of confusion if the marks are used upon goods of the same descriptive properties.

Even if there were doubt as to whether there was a likelihood of confusion, such doubt should be resolved against the newcomer.

The decision of the Commissioner of Patents is affirmed.

Affirmed.

GARRETT, Associate Judge (dissenting).

I feel that the majority here failed to give proper weight to the striking differences between both the marks and the goods of the respective parties. The difference in the marks appears clearly from the descriptions of them set forth in the opinion. In appearance, there is no resemblance and the word "United" is their only common feature. So far as the goods are concerned, they differ entirely in nature, appearance, characteristics, and use. There can be no identification of similarity between them, save by applying to both the broad term, "electrical," and the term is applicable to only a part of the articles dealt in by opposer. Opposer manufactures metal boxes, many of which have no electrical feature whatsoever. Of those which do have an electrical feature, emphasis was placed throughout the trial of the case upon what is designated its "safety switch," exemplified in Exhibit 5. This consists of a metal box having metal contact plates to which electric wires may be attached. Storage batteries are not metal boxes, and I find nothing in the record to indicate that storage batteries and safety switches are ever associated in use. Neither do I find anything of record which indicates that the products of the respective parties are sold in the same stores or to the same classes of purchasers. Rather I deduce from such testimony as may be construed to have any bearing upon this question that they are not sold in the same manner, or to the same classes of purchasers. Opposer sells its electrical equipment principally to contractors who install the boxes in buildings, or to jobbers who, in turn, sell to contractors.

The majority, as did the Commissioner of Patents, seem to have taken judicial notice as to many dealers in electrical supplies carrying storage batteries. We may, of course, apply the rule of judicial notice within proper limits, but I do not think we properly may go so far as to hold that it is applicable to the particular electrical equipment sold by opposer, especially in view of the testimonial record strongly indicating, if not positively establishing, the contrary, but even if the articles were shown to be sold as the majority opinion seems to infer, I still would be of opinion, in view of the differences in the marks and the differences in the goods, that there is no reasonable likelihood of confusion within the meaning of that term as used in the trade-mark registration act (section 5, as amended [115 U.S.C.A. § 85]). Numerous authorities might be cited, but I content myself with referring to Williams Oil-O-Matic Heating Corporation v. Westinghouse Electric & Mfg. Co., 62 F.(2d) 378, 20 C.C.P.A. (Patents) 775.